UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICK JOHNSON,<br><br>               Petitioner,<br><br>    v.<br><br>LINDA MCGREW, et al.,<br><br>               Respondent. | Case No. 2:12-cv-01207-MMD-CWH<br><br>ORDER |

       Petitioner, who is a prisoner in federal custody at Victorville, California, has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an amended petition, which is identical to the original petition but is signed. The Court has reviewed the amended petition pursuant to 28 U.S.C. § 2243. For the reasons stated below, petitioner cannot proceed pursuant to § 2241, and the Court will construe the petition as a motion pursuant to 28 U.S.C. § 2255. This would be a second or successive motion, and the Court dismisses the action because petitioner has not received authorization from the Court of appeals to file a second or successive motion.

       In *United States v. Johnson*, 2:06-cr-00013-RLH-RJJ, petitioner was convicted of one count of possession of a controlled substance—cocaine base—with intent to distribute. Petitioner appealed *pro se*. Counsel was appointed, and counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no appealable issues. The court of appeals gave petitioner the opportunity to file a supplemental brief *pro se*, and petitioner did file a brief. Ultimately, the court of appeals affirmed. Petitioner then filed in this Court a motion attacking his sentence pursuant to 28

U.S.C. § 2255. This Court denied the motion and denied certificate of appealability. The The court of appeals also denied a certificate of appealability.

In the current amended petition, petitioner presents two claims for relief. Both claims concern defects in the indictment and the superseding information: The charging documents charged plaintiff with possession of a controlled substance with intent to distribute, while plaintiff claims that the statute requires him to be charged knowingly or intentionally possessing a controlled substance with intent to distribute.

> The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, . . . and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241. . . . The one exception to the general rule is what we have called the "escape hatch" of § 2255. . . . The escape hatch permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"

*Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

> [A] § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Id.* at 898.

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

*Ivy v. Pontesso,* 328 F.3d 1057, 1060 (9th Cir. 2003).

Petitioner cannot satisfy the requirements of the escape hatch of 28 U.S.C. § 2255(e). First, he does not claim that he is actually innocent of possession of a controlled substance with intent to distribute. He claims only that the charging documents were defective. Second, the claims that he presents in the petition are claims that he could have presented in the motion attacking his sentence pursuant to 28 U.S.C. § 2255. Consequently, the Court cannot consider this habeas corpus petition pursuant to 28 U.S.C. § 2241.

The Court will construe the petition as a motion pursuant to 28 U.S.C. § 2255, but petitioner is barred from filing a § 2255 motion because he already had filed such a motion,

and he has not received authorization from the court of appeals to file a second or successive motion.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

> (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B)  A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C)  The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D)  The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E)  The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3). Petitioner has not satisfied any of these requirements. Consequently, this Court lacks jurisdiction to consider his petition as a motion pursuant to 28 U.S.C. § 2255. *See Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012).

Reasonable jurists would not find this court's conclusions to be debatable or wrong, and the court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c).

///

///

///

1  IT IS THEREFORE ORDERED that the Clerk of the Court file the amended
2  petition, which is currently in the docket at dkt. no. 1-3.
3  IT IS FURTHER ORDERED that this action is DISMISSED for lack of jurisdiction.
4  The Clerk of the Court shall enter judgment accordingly.
5  IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

7  DATED THIS 31st day of October 2012.

   _____
   MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE